Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
WAYNE RUSIN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WAYNE RUSIN<br><br>               Plaintiff,<br><br>      vs.<br><br>WESTERN DENTAL SERVICES, INC.,<br><br>       Defendant, | Case No.:   '20 CV 2220 JAH  MSB<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); (2) UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS IN VIOLATION OF CAL. PEN. C. § 623.7; AND (3) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

### INTRODUCTION

1. WAYNE RUSIN (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against WESTERN DENTAL SERVICES, INC. (hereinafter referred to as "Western Dental" or "Defendant") pertaining to actions by Defendant to unlawfully collect a consumer debt allegedly owed by Plaintiff, including but not limited to, recording cellular telephone calls made to Plaintiff in violation of California Penal Code § 623.7, collection via the use of an

- 1 -

Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, ("TCPA" [47 U.S.C. § 227 *et seq.*], and contacting the Plaintiff despite being put on notice in writing that Plaintiff was represented by Counsel in violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibited intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to

---

[1] CA Civil Code §§ 1788.1(a)-(b)

protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5.  In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also, *Mims,* 132 S. Ct., at 744.

6.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered— and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

7.  Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made on personal knowledge.

**JURISDICTION AND VENUE**

8.  This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

9.  This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

10. This Court has jurisdiction over the Defendant, as the unlawful practices alleged

1  herein occurred in California, in the County of San Diego and violated

2  California's Civil Code §§ 1788 - 1788.32.

3  11. This Court further has supplemental jurisdiction over Plaintiff's California Causes

4  of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law

5  claims are so related to Plaintiff's Federal TCPA claims in this action, that they

6  form part of the same case or controversy.

7  12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all

8  or some of the unlawful practices and violations of law alleged herein occurred

9  and are occurring in the County of San Diego, California.  Furthermore,

10  Defendant regularly conducts business within State of California, County of San

11  Diego, and Plaintiff resides in San Diego County, California.

12

13  **PARTIES**

14  13.  Plaintiff is, and was at all times mentioned herein, a natural person residing in

15  the County of San Diego, in the State of California.

16  14.  Plaintiff is a natural person from whom a debt collector sought to collect a

17  consumer debt which was due and owing or alleged to be due and owing from

18  Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ.

19  Code §1788.2(h).

20  15. Defendant Western Dental Services, Inc. is a California Corporation, registered to

21  do business in the State of California, with a principle place of business registered

22  at 530 South Main Street, Suite 600, Orange, CA 92868.

23  16.  Defendant Western Dental regularly attempts to collect through the use of the

24  U.S. mail, electronic communications, and telephones, "consumer debts"

25  allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

26  17.  When individuals owe Western Dental debts for regular monthly payments on

27  medical debts, and other similar obligations, Western Dental collects on those

28  consumer debts owed to it through the mail, electronic communications, and via

the use of telephones, including an automated telephone dialing system, whereby Defendant records said collection calls made to debtors' cellular telephone calls without a disclaimer and/or their permission.  Therefore, Western Dental is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

18. Defendant is, and all times mentioned herein, was a corporation and therefore a "person," as that term is defined by 47 U.S.C. § 153(39).

19. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

20. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

21. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

22. Plaintiff previously took out a consumer medical line of credit account with Defendant Western Dental.

23. Plaintiff made payments toward the medical line of credit when he took it out, and maintained good standing until Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

24. Upon going into default, agents for Western Dental called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded

Voice, often 5-10 times per day, almost every single day.

25.  The aforementioned collection calls were made to Plaintiff's cellular telephone, and were recorded by Defendant.  However, despite Defendant recording said telephone calls, there was no warning, statement, notification, recording, or other disclosure at the outset of the call that the call was being or would be audio recorded.  Plaintiff was therefore not made aware said calls were recorded, nor did he provide Defendant consent to record his calls.

26. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California law.

27. Plaintiff sought out and retained an attorney to represent him with regards to the debt allegedly owed to Western Dental.

28. On November 27, 20219, Plaintiff filed a Chapter 7 Bankruptcy Case in the Southern District of California, with Case No. 19-07063-CL7 ("Plaintiff's Bankruptcy Case.").

29. On March 2, 2020, Plaintiff received a discharge order in Plaintiff's Bankruptcy Case entered on as docket number 11.

30. Despite the notice of the entry of discharge and closing of the Plaintiff's Bankruptcy Case being sent to Defendant, agents for Western Dental called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 5-10 times per day, almost every single day.

31. On April 6, 2020, Plaintiff's attorney sent a letter to Defendant ("letter"), whereby Plaintiff informed Western Dental (a) that he was represented by Counsel, thus said letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Plaintiff's attorney; and (b) said letter revoked any prior consent to contact Plaintiff via the

use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

32. Despite Defendant receiving receipt of the Plaintiff's Attorney's letter dated April 6, 2020, Defendant continued to call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 5-10 times per day, almost every single day.

33. The aforementioned collection calls were made to Plaintiff's cellular telephone, and were recorded by Defendant.  However, despite Defendant recording said telephone calls, there was no warning, statement, notification, recording, or other disclosure at the outset of the call that the call was being or would be audio recorded.  Plaintiff was therefore not made aware said calls were recorded, nor did he provide Defendant consent to record his calls.

34. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California law.

35. Between April 6, 2020 and November of 2020, Plaintiff would pick up the phone often, yet the collection calls made by Western Dental were usually made by an automated dialer and merely contained a robotic voice recording when he answered, therefore when he would answer the calls it would merely be a recording.  However, occasionally over that time period, Plaintiff would answer his cellular telephone and there would be a live representative of Western Dental on the line.  On those occasions, he repeatedly informed the representative of Western Dental that he had retained Counsel, and told them to stop calling him. Further, Plaintiff orally revoked Western Dental's consent to call him via the use of a robocaller.

36. On multiple occasions over that time period the Debtor provided Western Dental with his bankruptcy information and told them to call his lawyer, and gave said representative Debtor's Counsel's telephone number and information.  However,

despite informing the representatives that the Debtor had hired a lawyer and filed bankruptcy, the relentless daily calls continued Despite receipt of the letter revoking consent to contact Plaintiff via the use of an ATDS, Defendant continues to repeatedly call Plaintiff to this day sometimes over 10 times per day.

37. Further, the aforementioned calls were recorded by Defendant, without containing a warning, thereby invading Plaintiff's privacy.

38. After receipt of the April 6, 2020 letter referenced above, representatives of Western Dental have called Plaintiff in excess of four-hundred (400) times on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

39. Defendant has called Plaintiff over four-hundred (400) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to Western Dental, and an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

40. Further, Plaintiff spoke to agents for Western Dental on more than one occasion and stated that they should not be calling him on his cellular telephone, and reiterated that he had retained Counsel who had sent Cease and Desist Letters to Western Dental.

41. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice. Despite said oral revocation, agents for the Defendant continued to call Plaintiff using an ATDS and/or Recorded Voice

42. Despite having received Plaintiff's letter sent to Defendant's registered corporate address, Western Dental continues to call Plaintiff to date, often multiple times per day in rapid succession. Further, upon information and belief, Plaintiff was informed by a representative of Defendant that when he answered said telephone calls, said calls were recorded without providing Plaintiff a disclaimer or warning that said calls were recorded.

43. Western Dental, or its agents or representatives, have contacted Plaintiff on his cellular telephone over four-hundred (400) times since April 6, 2020, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

44. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

45. The multiple calls made by Defendant or its agents after April 6, 2020 were therefore made in violation of 47 U.S.C. § 227(b)(1).

46. Despite receipt of Plaintiff's Attorney's letter sent to Defendant's corporate mailing address, verbal notice from Plaintiff on multiple occasions to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant continues to contact Plaintiff repeatedly to date.

47. Here, Plaintiff's claims under the RFDPCA, TCPA, and CIPA do not implicate the Ninth Circuit's ruling in *Walls v. Wells Fargo Bank, NA*, 276 F.3d 502 (9th Cir. Cal. 2002). See *Goad v. MCT Grp.*, No. 09cv1321 BTM(POR), 2010 U.S. Dist. LEXIS 33690, at *7-8 (S.D. Cal. Apr. 6, 2010, *aff'd* 576 F. App'x 707 (9th Cir. 2014) ("The Court reiterates that not all fair debt collection practices claims are precluded just because the debt at issue was discharged in bankruptcy. Claims that are independent of the bankruptcy discharge -- i.e., claims that do not turn upon the discharged nature of the debt [would not be precluded] … For example, even if a debt was discharged, the debtor could pursue claims against a debt collector who harassed the debtor by making incessant telephone calls, threatened or intimidated the debtor, or lied about matters (other than whether the debt is owed). These types of claims would not be precluded under the reasoning in *Walls*.").

48. See also *Scally v. Ditech Fin., LLC*, No. 16cv1992-WQH-WVG, 2018 U.S. Dist. LEXIS 75285, at *12 (S.D. Cal. May 3, 2018) ("...claims that do not turn on the discharged nature of the debt are not precluded under the reasoning of *Walls*."); and see *Hanks v. Talbots Classics Nat'l Bank*, No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at *15-16 (N.D. Cal. Aug. 6, 2012) (holding that where Plaintiff's claims were not based on an attempt to extract payment in violation of the discharge, they were not precluded by *Walls*).

49. As a result of Defendant's relentless and harassing collection calls, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and feelings of hypervigilance.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## Violations of California Rosenthal Fair Debt Collection Practices Act
## (California Civil Code §1788.14(c))

50. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

51. When Plaintiff's Counsel sent the letter of representation to Western Dental, Defendant Western Dental was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

52. When Plaintiff orally stated to representatives for Western Dental that he was represented by Counsel, Western Dental was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

53. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

54. By calling Plaintiff on his cellular phone four-hundred (400) times after receipt of the letter from Plaintiff's Counsel, Western Dental violated Cal. Civ. Code §1788.14(c), irrespective of the Plaintiff's discharge order.

55. As a result of the constant collection calls by Western Dental, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, and has at times been unable to calm down as the constant and harassing collection calls by WELLS are overwheling.  Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.

### SECOND CAUSE OF ACTION

### Illegal Telephone Recording of Cellular Telephone Conversations

### (Cal. Pen. C. § 632.7)

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs herein.

57. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled them to surreptitiously record cellular telephone communications between Defendant and Plaintiff.

58. At all relevant times hereto, Defendant intentionally and surreptitiously recorded

cellular telephone calls concerning confidential matters between Defendant and Plaintiff.

59. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and the California Class members that their cellular telephone communications with Defendant would be recorded.

60. Defendant failed to obtain consent of Plaintiff prior to recording any of their cellular telephone conversations.

61. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

62. Plaintiff is entitled to recovery actual and statutory damages in the amount of $5,000.00 per violation.

63. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

64. Defendant's violations of section 632.7(a) of the California Penal Code occurred after Plaintiff's Bankruptcy Case was closed, and were violations of said California law irrespective of the Plaintiff's Bankruptcy Case's discharge order.

## III.
## THIRD CAUSE OF ACTION
### Negligent Violations of the TCPA
### (47 U.S.C. § 227 Et. Seq.)

65. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

66. Through the letter from Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for Western Dental or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

67. The foregoing acts and omissions of Western Dental constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

68. As a result of Western Dental's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

69. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**IV.**
**FOURTH CAUSE OF ACTION**
**Knowing and/or Willful Violations of the TCPA**
**(47 U.S.C. § 227 Et. Seq.)**

70. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

71. Through the letter sent by Plaintiff's Counsel, and oral notice from Plaintiff, Plaintiff revoked any alleged consent for the Western Dental or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

72. The foregoing acts of the Western Dental constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

73. Therefore, since Western Dental or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, Western Dental's acts were willful.

74. As a result of Western Dental's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages,

1     for each and every one of their over four-hundred (400) violations, pursuant to 47

2     U.S.C. § 227(b)(3)(C).

3  75. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

4     the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

6                 **<u>PRAYER FOR RELIEF</u>**

7       WHEREFORE, Plaintiff having set forth the claims for relief against

8 Defendant herein, respectfully request this Court enter a Judgment against

9 Defendant as follows:

10 a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ.

11    Code §1788.30(a) according to proof.

12 b. As to the First Cause of Action, an award of statutory damages of $1,000.00

13    pursuant to Cal. Civ. Code §1788.30(b).

14 c. As to the First Cause of Action, an award of reasonable attorney's fees and costs

15    pursuant to Cal. Civ. Code §1788.30(c).

16 d. As to the Second Cause of Action, General, compensatory, and punitive damages;

17 e. As to the Second Cause of Action, an amount of $5,000 for each violation of

18    section Cal. Pen. C. § 632, et seq., or three times the amount of any actual

19    damages sustained by Plaintiff, whichever is greater.

20 f. As to the Third Cause of Action, $500 in statutory damages for each and every

21    one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47

22    U.S.C. § 227(b)(3)(B).

23 g. As to the Third Cause of Action, injunctive relief prohibiting such conduct in the

24    future pursuant to 47 U.S.C. § 227(b)(3)(A);

25 h. As to the Fourth Cause of Action, $1,500.00 in statutory damages for each and

26    every one of Defendant's four-hundred (400) knowing and/or willful violations of

27    47 U.S.C. § 227(b)(1) totaling actual damages in excess of $600,000.00 in

28    statutory damages for said willful and/or knowing 400+ violations of the TCPA,

pursuant to 47 U.S.C. § 227(b)(3)(C).

i.   For such other and further relief as the Court may deem just and proper.


Dated: November 10, 2020          By:     /s/ Ahren A. Tiller
                                          Ahren A. Tiller, Esq.
                                          BLC Law Center, APC
                                          Attorneys for Plaintiff
                                          WAYNE RUSIN

1

## **DEMAND FOR JURY TRIAL**

2

3        Pursuant to the Seventh Amendment to the Constitution of the United States of

4  America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by

5  jury.

6

7  Dated: November 10, 2020              By:     */s/ Ahren A. Tiller*
                                                 Ahren A. Tiller, Esq.
8                                                BLC Law Center, APC
                                                 Attorneys for Plaintiff
9                                                WAYNE RUSIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28